UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MERISSA FRANKLIN,

    Plaintiff,                                         CIVIL ACTION NO. 13-11329

    v.                                              DISTRICT JUDGE NANCY G. EDMUNDS

                                                   MAGISTRATE JUDGE MARK A. RANDON

KELLEY EELNORME,
DOREEN MCINNES, and
DAVITA WORLD HEADQUARTERS,

    Defendants.
_____/

**REPORT AND RECOMMENDATION TO DENY
DEFENDANT'S MOTION WITHOUT PREJUDICE**

**I.    INTRODUCTION**

On March 26, 2013, Plaintiff filed a *pro se* Complaint against Defendants for employment discrimination (Dkt. No. 1). A Summons for DaVita World Headquarters ("DaVita") was issued on the same day (Dkt. No. 4; Ex. A at 5). This matter is before the Court on DaVita's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(4) (insufficient process) and Fed. R. Civ. P. 12(b)(5) (insufficient service of process) (Dkt. No. 4).

Because the time to serve DaVita has not yet expired, this Magistrate Judge **RECOMMENDS** that DaVita's motion be **DENIED WITHOUT PREJUDICE**.

**II.    STANDARD OF REVIEW**

In order to properly effect service on a corporate defendant, the summons *and* complaint must be delivered to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. *See* Fed. R. Civ. P. 4(c)(1) ("[a] summons

must be served with a copy of the complaint"); Fed. R. Civ. P. 4(h).  The Summons must also be directed to the defendant.  *See* Fed. R. Civ. P. 4(a)(1)(B).

"In resolving a motion to dismiss for ineffective service under Fed. R. Civ. P. 12(b)(5), the court may construe the motion as a motion to quash service.  In this regard, the Sixth Circuit has expressed a preference to treat the first motion for improper service as a motion to quash." *Jarvis-Orr v. Township of Hartford*, 2012 WL 6737740 at *12 (W.D. Mich. Nov. 30, 2012) (internal citation omitted) (citing *Stern v. Beer*, 200 F.2d 794, 795 (6th Cir. 1953) ("if the first service of process is ineffective, a motion to dismiss should not be granted, but the case should be retained for proper service later")).

### III.   ANALYSIS

On March 27, 2013, Plaintiff mailed the Summons to: DaVita World Headquarters, 2000 16th St., Denver, CO 80202.  It was not directed to a specific individual authorized to accept service on behalf of DaVita (Dkt. No. 4; Ex. A at 5).  The Complaint was also not attached to the Summons.  Accordingly, DaVita was not properly served.  The Court, however, should retain jurisdiction for a further attempt to serve process.

Fed. R. Civ. P. 4(m) allows Plaintiff 120 days to properly effect service on DaVita.  The Summons was issued on March 26, 2013.  Plaintiff should have until ***July 24, 2013*** to: (1) ensure DaVita is the correct Defendant; (2) identify the individual authorized to accept service on behalf of DaVita (or the correct Defendant); (3) indicate on the Summons the name of the individual authorized to accept service; (4) ensure the Summons is addressed to the correct Defendant; (5) deliver the Summons *and* a copy of the Complaint to the individual authorized to accept service; and (6) file a certificate of service with the Court.

Failure to comply with the service requirements within the time frame prescribed in Fed. R. Civ. P. 4(m) may result in the dismissal of Plaintiff's Complaint against DaVita.  *See* Fed. R. Civ. P. 4(m) (requiring the Court to dismiss the case if the Defendant is not served within 120 days, and there is no good cause for the failure to do so).  DaVita should re-file this motion – after the Summons has expired – if it has not been properly served.

## IV.     CONCLUSION

Because the time to serve DaVita has not yet expired, this Magistrate Judge **RECOMMENDS** that DaVita's motion be **DENIED WITHOUT PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

                                                s/Mark A. Randon
                                                MARK A. RANDON
                                                UNITED STATES MAGISTRATE JUDGE

Dated:  April 19, 2013

### *Certificate of Service*

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, April 19, 2013, by electronic and/or first class U.S. mail.*

                                                 *s/Eddrey Butts*
                                                 *Acting Case Manager to Magistrate Judge Mark A. Randon*