UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MERISSA FRANKLIN,

    Plaintiff,                                CIVIL ACTION NO. 13-11329

    v.                                       DISTRICT JUDGE NANCY G. EDMUNDS

                                             MAGISTRATE JUDGE MARK A. RANDON

KELLEY EELNURME,
DOREEN MCINNIS, and
DAVITA WORLD HEADQUARTERS,

    Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANTS' MOTION TO DISMISS**

**I.    INTRODUCTION**

This is an employment discrimination case. Merissa Franklin ("Plaintiff") alleges that DaVita World Headquarters ("DaVita") - and two of its managerial employees - Kelley Eelnurme ("Eelnurme") and Doreen McInnis ("McInnis") discriminated, harassed and retaliated against her because of her gender, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") (Dkt. No. 1). Eelnurme and McInnis (collectively, "the individual Defendants") move to dismiss (Dkt. No. 5). The motion was referred to this Magistrate Judge for a report and recommendation (Dkt. No. 7) and is fully briefed.

Because individuals are not liable for employment discrimination in their personal capacities, **IT IS RECOMMENDED** that the individual Defendants' motion be **GRANTED** and Plaintiff's Title VII claims against them be **DISMISSED WITH PREJUDICE**.

## II.     FACTS

Plaintiff is a former Patient Care Technician who worked for DiVita in Detroit, Michigan. Plaintiff alleges that the Facility Administrator (Eelnurme) and the Regional People Services Manager (McInnis) terminated her employment because of her gender, in violation of Title VII. Specifically, Plaintiff claims she reported to Eelnurme that she was sexually harassed by a co-worker. But, neither Eelnurme nor McInnis notified her that her harassment charge was fully investigated or resolved. In the meantime, Plaintiff was forced to continue to work at the facility (presumably with the alleged harasser), while she sought a transfer to another DaVita facility. Plaintiff's request to a transfer to a facility in Dearborn, Michigan was denied; her employment was subsequently terminated.

DaVita says Plaintiff was terminated for violating company policy - unrelated to any discrimination or sexual harassment charge. Plaintiff alleges she was discharged because of her gender.

## III.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510

F.3d 631, 634 (6th Cir. 2007).  Dismissal is appropriate if the plaintiff failed to offer sufficient factual allegations that make the asserted claim plausible on its face.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Supreme Court clarified the concept of "plausibilty" in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009):

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.*, at 557 (brackets omitted).

*Id*. at 678.  A plaintiff's factual allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 127 S.Ct. at 1965). Thus, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bredesen*, 500 F.3d at 527 (citing *Twombly*, 127 S.Ct. at 1969).

Complaints drafted by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers and will be liberally construed in determining whether the complaint fails to state a claim upon which relief could be granted.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, courts may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), nor may courts construct the plaintiff's legal arguments for her.  *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993).

3

**IV.    ANALYSIS**

Whether or not Plaintiff's allegations are substantiated, individuals are not liable for employment discrimination in their personal capacities under Title VII.  *See Wathen v. Gen. Electric Co.*, 115 F.3d 400, 406 (6th Cir. 1997) ("Congress did not intend individuals to face liability under the definition of 'employer' it selected for Title VII"); *Benford-Smith v. City of Taylor*, No. 12-13209, 2013 WL 2250169 (E.D. Mich. May 22, 2013) (dismissing Title VII claims against three individual defendants in their individual capacities).

Plaintiff apparently seeks to amend her Complaint to allege that the individual Defendants also violated Michigan's Elliott-Larsen Civil Rights Act of 1976 ("Elliott-Larsen") (Dkt. No. 12, p. 3).  However, at this juncture, Plaintiff must have the Court's permission to file an amended complaint.  Fed. R. Civ. P. 15(a)(2).  If Plaintiff decides to file a motion for leave to amend, she must attach a proposed amended complaint to her motion for the Court's consideration.  E.D. Mich. LR 15.1.  Plaintiff must file any motion for leave to amend her Complaint on or before *June 25, 2013*.

**V.    CONCLUSION**

Because individuals are not liable for employment discrimination under Title VII in their personal capacities, **IT IS RECOMMENDED** that the individual Defendants' motion be **GRANTED** and Plaintiff's Title VII claims against them be **DISMISSED WITH PREJUDICE**.  Plaintiff shall file any motion for leave to amend her Complaint on or before *June 25, 2013*.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific

4

objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon<br>
MARK A. RANDON<br>
UNITED STATES MAGISTRATE JUDGE

Dated: June 4, 2013

### *Certificate of Service*

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, June 4, 2013, by electronic and/or first class U.S. mail.*

*s/Eddrey Butts*<br>
*Case Manager to Magistrate Judge Mark A. Randon*