UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MERISSA FRANKLIN,

    Plaintiff,                        CIVIL ACTION NO. 13-11329

    v.                               DISTRICT JUDGE NANCY G. EDMUNDS

                                   MAGISTRATE JUDGE MARK A. RANDON

DAVITA HEALTHCARE PARTNERS, INC.,

    Defendant.
_____/

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 23)**

**I.    INTRODUCTION**

       This is a Title VII employment discrimination case. Merissa Franklin alleges that: a co-worker at DaVita Healthcare Partners, Inc. ("DaVita") subjected her to sexual harassment; Davita managerial employees failed to properly investigate or resolve her harassment complaint; and, she was retaliated against and ultimately discharged from her job as a patient care technician because of her sex. DaVita's motion for summary judgment on Franklin's harassment and retaliation claims is pending (Dkt. No. 23). The motion is fully briefed (Dkt. No. 25), and the Court dispenses with oral argument. E.D. Mich. LR 7.1(f)(2).[1] Because Franklin's Complaint allegations of sexual harassment and retaliation are not reasonably related to her Equal Employment Opportunity Commission ("EEOC") charge of sex discrimination, this

---

[1] In her response, Franklin attempted to reach a settlement agreement with DaVita, but during a telephone call on September 3, 2013, DaVita indicated that settlement negotiations would not be worthwhile.

1

Magistrate Judge **RECOMMENDS** that DaVita's motion be **GRANTED**.

**II.     BACKGROUND**[2]

On May 25, 2012, Franklin's co-worker, Victor Hayward, approached her in the break room and accused her of spreading rumors about his personal affairs with female co-workers. According to Franklin, Hayward pinned her against the break room door and warned her not to spread rumors about him. Franklin then pushed Hayward, and he groped her between her legs. After Franklin moved his hand, Hayward hit Franklin's right breast; Franklin grabbed Hayward's wrist, pushed him, and tore his lab coat. Franklin reported the incident on May 28, 2012; she was discharged on July 13, 2012. Franklin says the loss of her job was the result of sex discrimination, harassment, retaliation, defamation, and slander.

**III.    STANDARD OF REVIEW**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material only if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). On a motion for summary judgment, the Court must view the evidence, and any reasonable inferences drawn from the evidence, in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted); *Redding v. St. Eward*, 241 F.3d 530, 531 (6th Cir. 2001).

The moving party has the initial burden of demonstrating an absence of evidence to support the non-moving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If

---

[2]The facts are construed in the light most favorable to Franklin.

the moving party carries this burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587. The Court must determine whether the evidence presents a sufficient factual disagreement to require submission of the challenged claims to a jury or whether the evidence is so one-sided that the moving party must prevail as a matter of law. *See Anderson*, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff").

## IV. ANALYSIS

"[A]n employee alleging employment discrimination in violation of [Title VII] must first file an administrative charge with the EEOC within a certain time after the alleged wrongful act or acts." *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010) (citing 42 U.S.C. § 2000e-5(e)(1)). Thus, Franklin may bring claims in her lawsuit that were included in her EEOC charge or that were "reasonably related to or grow out of the factual allegations in the EEOC charge." *Id.* (citing *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 732 (6th Cir. 2006)). "[W]here facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim." *Davis v. Sodexho*, 157 F.3d 460, 463 (6th Cir. 1998).

Franklin's August 7, 2012 EEOC Charge of Discrimination stated, in its entirety:

I am a woman and allege I was discharged on July 13, 2012, due to my sex.

I was hired by [DaVita] in March 2011, and worked as a patient care technician[.]

**Discharge     07/13/2012     Sex**

On May 25, 2012, I was involved in a physical altercation with a male coworker.

3

> On May 28, 2012, [DaVita's] representative informed me that an investigation would be conducted. I was discharged on July 13, 2012, for violation of company policy. I am aware that the male employee involved was not disciplined nor discharged.

(Dkt. No. 23; Ex. B) (bold in original). In the box that directed Franklin to indicate the basis of her discrimination claim, Franklin wrote "Sex" (*Id.*).

Franklin did not include sexual harassment or retaliation claims in her EEOC charge. She identified sex discrimination as the only basis for her claim. And, there is nothing in the narrative portion of the EEOC charge that would have prompted the EEOC to investigate any retaliation or sexual harassment claims. For example, Franklin did not provide any facts indicating that the physical altercation involved any contact of a sexual nature. "Because an employer may discriminate on the basis of sex in numerous ways, a claim of sex discrimination in an EEOC charge and a claim of sex discrimination in a complaint are not alike or reasonably related just because they both assert forms of sex discrimination." *Vela v. Village of Sauk Village*, 218 F.3d 661, 664 (7th Cir. 2000) (quoting *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994)). Franklin also did not mention or provide any facts in support of her retaliation claim; she did not indicate that she engaged in protected activity or that her termination was based on protected activity or was in response to her internal complaint about the physical altercation with Hayward. *See Scott v. Eastman Chemical Co.*, 275 F. App'x 466, 474 (6th Cir. 2008) (retaliation charge was not within the scope of the EEOC investigation, thus plaintiff failed to exhaust her administrative remedy). Therefore, liberally construing Frankin's EEOC charge, she failed to exhaust her administrative remedies with respect to these claims.

Further, it is too late for Franklin to cure her deficiency. "Title VII requires that employees file a charge with the EEOC within 300 days of an alleged unlawful employment

4

practice." *Waldo v. Consumers Energy Co.*, 2013 WL 4038747, at *8 (6th Cir. Aug. 9, 2013) (citing 42 U.S.C. § 2000e-5(e)(1)). Franklin was discharged from her job on July 13, 2012. As such, at the latest, she had until May of 2013 to file any EEOC charges related to her employment with DaVita; she failed to do so.

## V. CONCLUSION

Because Franklin did not exhaust her administrative remedies, this Magistrate Judge **RECOMMENDS** that DaVita's motion be **GRANTED**, and Franklin's harassment and retaliation claims be **DISMISSED WITH PREJUDICE**.[3] Franklin's sex discrimination, defamation, and slander claims should proceed.[4]

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

---

[3]Franklin's "false documentation" claim should also be **DISMISSED WITH PREJUDICE**; there is no cause of action for "false documentation."

[4]Although DaVita acknowledged that Franklin's claims were based on sex discrimination, defamation, and slander (Dkt. No. 23 at p. 8 (CM/ECF)), DaVita's motion for summary judgment did not request the dismissal of Franklin's sex discrimination, defamation, or slander claims.

5

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                          s/Mark A. Randon
                                          MARK A. RANDON
                                          UNITED STATES MAGISTRATE JUDGE

Dated: September 11, 2013

### Certificate of Service

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, September 11, 2013, by electronic and/or first class U.S. mail.*

                                          *s/Eddrey Butts*
                                          *Case Manager to Magistrate Judge Mark A. Randon*